IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ANTHONY COTTONE

Criminal No. 15-5

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Eric S. Rosen, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I.   THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1 | Conspiracy to commit a crime against the United States, December 2010, to February 2013. | 18 U.S.C. § 371 |

## II.   ELEMENTS OF THE OFFENSE

A.   As to Count 1:  In order for the crime of conspiracy to commit a crime against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons agreed to commit an offense against the United States, as charged in the information;

2.   That ANTHONY COTTONE was a party to or member of that agreement;

3.   That ANTHONY COTTONE joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that ANTHONY COTTONE and at least one other alleged conspirator shared a unity of purpose and the intent to achieve or to commit an offense against the United States; and

4.   That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III.   PENALTIES

**A.   As to Count 1: Conspiracy to commit a crime against the United States (18 U.S.C. § 371):**

1.   The maximum penalties for individuals are:

(a)   imprisonment for not more than 1 year (18 U.S.C. § 371);

(b)   a fine of not more than $100,000;

(c)   a term of supervised release of not more than one (3) year (18 U.S.C. § 3583); and

(d)   Any or all of the above.

2

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $25.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Not applicable in this case.

## VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

ERIC S. ROSEN
Assistant U.S. Attorney
NY ID No. 4412326